| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT |
| Charles Riley,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>Hunter Warfield, Inc. and Experian Information Solutions, Inc.,<br>　　　　　　　　　　Defendants. | Case No. 18-CP-10-23<br><br>SUMMONS |

TO:    THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 5217 N. Trenholm Rd., Ste. B, Columbia, South Carolina 29206, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

By: _____
David A. Maxfield, Esq. SC Bar 7163
DAVE MAXFIELD, ATTORNEY, LLC
5217 N. Trenholm Rd., Ste. B
Columbia, South Carolina 29206
(803) 509-6800

DATED: December 28, 2017
Columbia, South Carolina

STATE OF SOUTH CAROLINA    IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON    NINTH JUDICIAL CIRCUIT

| | |
|---|---|
| Charles Riley, <br><br> Plaintiff <br><br> vs. <br><br> Hunter Warfield, Inc., and Experian Information Solutions, Inc., <br><br> Defendants | C/A # 18-CP-10-23 <br><br> **COMPLAINT** <br><br> (Jury Trial Requested) |

Filed 2018 JAN -2 PM 2:22, Julie J. Armstrong, Clerk of Court

Plaintiff, complaining of the Defendants above-named, would show this Court:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. The Defendant Hunter Warfield, Inc., incorporated under the laws of the State of Maryland, with its principal place of business, "nerve center" and headquarters in the State of Florida.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.

4. Defendants transact substantial business (including debt collection) in the State of South Carolina.

5. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper based on the non-residence of the Defendant.

## FACTUAL ALLEGATIONS

6. Plaintiff previously rented an apartment at a complex owned by Moore County Living, LLC.

7. A dispute thereafter arose between Plaintiff and Moore County living concerning Plaintiff's assertions of breaches of landlord responsibilities and state law.

8. Upon termination of the lease, Moore County Living asserted that Plaintiff owed a debt, which Plaintiff disputed.

9. Plaintiff had no liability for such sums, and advised Moore County Living that he disputed the amount and did not intend to pay it.

10. Despite Plaintiff's dispute and upon information and belief, Moore County Living thereafter retained the Defendant Hunter Warfield to collect the alleged debt.

11. In or around 2017 Defendant began calling Plaintiff's phone. In the multiple calls placed, Defendant:

    a. failed to identify whom he was calling for;

    b. That he was calling on behalf of Hunter Warfield;

    c. That he was a debt collector; or that

    d. his call was an attempt to collect a debt

12. Additionally, in numerous telephone calls, said representative of the Defendant Hunter Warfield repeatedly, and falsely:

    a. characterized the matter as "urgent" or "extremely important;"

    b. made quasi-legal statements such as information being on "the record"

    c. referred to an important "decision" that had to be made which, without Plaintiff's input, would be made, presumably against Plaintiff's interests.

13. Plaintiff, upon being contacted by Hunter Warfield requested validation of the debt; further, both directly and via complaints to the Attorney Generals of North Carolina and Florida, and the CFPB, Hunter Warfield was advised that Plaintiff disputed the debt.

14. Hunter Warfield continued collection attempts, including obtaining Plaintiff's credit file from Defendant Experian.

15. Thereafter, Hunter Warfield reported negative tradelines on Plaintiff's Experian and Equifax credit reports.

16. In its reporting, Hunter Warfield omitted any mention of Plaintiff's dispute.

17. In July of 2017 Plaintiff disputed Hunter Warfield's negative reporting to Equifax and Experian, which disputes were transmitted to Hunter Warfield by the credit reporting agencies.

18. Upon information and belief, following reinvestigation, Equifax removed the account from Plaintiff's credit report.

19. On or about September 3, 2017, Defendant Experian removed the tradeline from Plaintiff's file.

20. In or around late September Plaintiff, believing he was finally cleared to move into another apartment, applied for residency at a local apartment complex.

21. A few days after his application, he was shocked to learn that he had been denied based on his Experian credit report.

22. Plaintiff again obtained his report and learned that Defendant Experian had unlawfully reinserted the disputed, negative Hunter Warfield tradeline into his report, resulting in lowering his credit score by over 100 points, and making his rental impossible.

23. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged. He remains unable to find suitable housing, has expended significant time to have his report corrected, has suffered extreme stress in the interim, and such other damages as may be shown at trial.

## FOR FIRST CAUSE OF ACTION
## AS TO HUNTER WARFIELD
### (Violation of FDCPA)

24. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent herewith.

25. The the transaction is a consumer transaction and the Defendant acted as debt collector at all times relevant hereto.

26. The Defendant regularly attempt(s) to collect debts alleged to be due another.

27. Defendant violated the Fair Debt Collection Practices Act in these particulars, and in such other particulars as shown above and below, and as may be shown at trial:

    a. Misrepresenting the character, amount and status of the debt in violation of 1692e;

    b. Knowingly failing to communicate that Plaintiff disputed the debt in violation of 1692e(8);

    c. Calling Plaintiff repreatedly, in violation of 1692d;

    d. Failing to disclose identity of caller and fact that the communication concerned debt collection, in violation of 1692d;

    e. Implying that the communications concerned a legal or official matter, in violation fo 1692e;

    f. Collecting or attempting to collect unatuhorized and/or disputed sums, in violation of 1692f;

    g. Failing to note a disputed debt as "disputed" to credit reporting agencies;

28. Plaintiff should be granted judgment against Defendant for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION
## AS TO HUNTER WARFIELD
### (Violation of SC Code §37-5-108)

29. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.
30. The transaction or alleged transaction described above is a consumer transaction.
31. Upon information and belief, the Defendant{s} engaged in unconscionable conduct in the following particulars and such others to be proven at trial:
    a. Defendant communicated at time or place otherwise known or which should be known to be inconvenient to the Plaintiff{s}.
    b. Defendant used fraudulent, deceptive, or misleading representations, including representations about the character, amount, or legal status of any debt.
    c. Defendant communicated a debt to a credit reporting agency that it knew or should have known was disputed, without communicating the fact that Plaintiff disputed the debt.
32. Plaintiff{s} should be granted judgment against Defendant{s} for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A THIRD CAUSE OF ACTION
## AS TO HUNTER WARFIELD
### (Unfair Trade Practices)

33. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the

extent not inconsistent with this cause of action.

34. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

35. The actions of the Defendant, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

36. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

37. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION
## AS TO HUNTER WARFIELD
### (Violations of TCPA)

38. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

39. Defendant's telephonic activities are governed, in part, by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200;

40. Defendant had no consent to contact Plaintiff upon via menas proscribed by the TCPA; any consent previously givent to Bell, Defendant's alleged principal or successor, was revoked by Plaintiff.

41. Plaintiff is informed that Defendant continued to contact Plaintiff on his cellular telephone, with an automated dialing system or otherwise.

42. Plaintiff is informed and believes that Defendant committed the above violations multiple times, and that said violations were willful.

43. Plaintiff is informed and believes that he may recover $1,500.00 per violation, plus such

other damages, penalties, attorney's fees and costs as allowed by law.

44. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendant to cease and desist any further calling activity, and to award a penalty of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

## FOR A FIFTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS
### (Violation of FCRA)

45. Plaintiff realleges and incorporates the allegations contained elsewhere herein to the extent not inconsistent with the allegations of this Cause of Action.

46. Defendant Hunter Warfield is a user and furnisher of information as defined in the Fair Credit Reporting Act, as amended.

47. Defendant Experian is a credit reporting agency.

48. Defendant Hunter Warfield knowingly and willfuly and/or negligently obtained Plaintiff's credit file with no permissible purpose, in violation of 15 U.S.C. 1681b, and 1681q, and 1681r, et. seq.

49. Defendant Hunter Warfield reported the debt to credit reporting agencies without noting that the debt was "disputed" as required by federal law.

50. Defendant Experian included incomplete information in Plaintiff's file regarding the Hunter Warfield tradeline, in violation of 1681e(b), failed to properly reinvestigate in violation of 1681i, and reinserted previously deleted information without certification of accuracy or notice to the consumer in violation of 1681a(5)(B).

51. As a direct and proximate result of Defendants' negligent and willful violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, invasion of privacy, emotional distress and interference with normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the jury. 15 U.S.C. §§1681n and 1681o.

52. Plaintiff further requests attorney fees under 15 U.S.C. §1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By: _____

David A. Maxfield # 7163
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800

December 28, 2017

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT |
| Charles Riley, | |
| Plaintiff, | Case No. 2018-CP-10-0023 |
| Vs. | |
| | CERTIFICATE OF SERVICE |
| Hunter Warfield, Inc. and Experian Information Solutions, Inc., | |
| Defendants. | |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 10th day of January, 2018, I served the foregoing **Summons & Complaint**, by sending a copy of same by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested to the following:

Hunter Warfield, Inc.
c/o Stephen Sobota
4620 Woodland Corporate Blvd.
Tampa, FL 33614

Experian Information Solutions, Inc.
c/o CT Corporation System
2 Office Park Court Suite 103
Columbia, South Carolina 29223

Janel Bess

DATED: January 10, 2018
Columbia, South Carolina